IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

XEZAKIA ROUSE,
Plaintiff,

v.                                                                        No. CV 11-0433 MV/CG

SGT. TOBY L. BACA,
OTHER UNNAMED SGT.,
Defendants.

## ORDER GRANTING MOTION FOR EXTENSION OF TIME

**THIS MATTER** comes before the Court on Plaintiff Rouse's *Request for Extension*, (Doc. 19). Mr. Rouse requests that the Court extend the time by which he must identify the second Defendant in his case, currently identified as an "unnamed Sergeant." (*Id.*). The Court, having considered the Motion, and otherwise being fully advised in the premises, **FINDS** the motion to be well-taken.

On June 27, 2011, this Court entered a Memorandum Opinion and Order granting Mr. Rouse's motions to dismiss all of the Defendants with the exception of Sergeant Toby Baca and an "unnamed Sergeant." (Doc. 15 at 2-3). The Court's order directed Mr. Rouse to identify the unnamed Sergeant within twenty-one days of the Order. (*Id.* at 4). Since then, Mr. Rouse has filed a *Request for a Subpoena* seeking the disclosure of, among other things, the identity of all officers present at the scene of the alleged beating which forms the basis for his complaint. (Doc. 18). Mr. Rouse now seeks an extension of time to identify the unnamed Sergeant. Mr. Rouse states that he has "requested subpoenas and cannot know the other officers involved without the execution of such [subpoenas] as the

officers named as unknown are named as such because Plaintiff is not familiar with such officers." (Doc. 19).

The Tenth Circuit has generally respected a plaintiff's ability to sue unnamed defendants so long as the plaintiff has provided an adequate description of the defendant so that process can eventually be effected. *Roper v. Grayson*, 81 F.3d 124, 126 (10th Cir. 1996). Mr. Rouse has stated that Sgt. Baca and another officer beat him during a search of his cell in Building 4B, F Pod, at some point between 1:25 pm and 3:00 pm on May 4, 2011. (Doc. 5 at 2-3, Doc. 18 at 1). The Court finds that Mr. Rouse has adequately described the events related to his complaint such that the unnamed officer can be identified and served once Defendants have submitted facts related to the alleged incident, either through Mr. Rouse's requested subpoenas or through a Court order for a *Martinez* report.

**IT IS THEREFORE ORDERED** that Mr. Rouse's *Request for Extension*, (Doc. 19), be **GRANTED**. Mr. Rouse will have twenty-one days from the receipt of evidence, either through the production of the requested subpoenas, or the production of a *Martinez* report, to identify the unnamed Sergeant.

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE