**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

XEZAKIA ROUSE,
Plaintiff,

v.   No. CV 11-0433 MV/CG

SGT. TOBY L. BACA,
OTHER UNNAMED SGT.,
Defendants.

## ORDER FOR MARTINEZ REPORT

Xezekia Rouse has filed a lawsuit asserting claims under 42 U.S.C. § 1983 against Sergeant Toby L. Baca, a correctional officer at the Central New Mexico Correctional Facility ("CNMCF"), and another unnamed sergeant. (Doc. 5 at 1-2). This matter is now before the Court, *sua sponte*, for an order directing Defendant to produce a *Martinez* report.

The alleged events giving rise to Mr. Rouse's lawsuit occurred while he was incarcerated at CNMCF.[1] Mr. Rouse claims that Sgt. Baca and the unnamed sergeant assaulted him during a search of his cell on May 4, 2011. (*Id.* at 2-3). Mr. Rouse contends that the two officers assaulted him after he insisted on being allowed to observe the search of his cell. (*Id.*). As a result of the assault, Mr. Rouse suffered bruises, lacerations, a black eye, and a broken left eye socket. (*Id.* at 3). He claims that the dosage of his psychiatric medications had to be increased as a result of the psychological trauma, and that he continues to suffer from migraines and blurred vision. (*Id.* at 3-4). Mr. Rouse also claims that he was placed in more restrictive conditions of confinement after Sgt. Baca filed a misconduct report following the assault. (*Id.* at 4). He claims that he was put in "level six"

---

[1] Mr. Rouse has since been transferred to the Guadalupe County Correctional Facility. (Doc. 24).

confinement, that his prison privileges were curtailed, and that he was on 23 hour lockdown. (*Id.*). As relief, Mr. Rouse seeks a public apology, compensation for all legal and medical fees, a public reprimand of the offending officers, and three million dollars in damages. (*Id.* at 6).

Defendant Baca has filed an answer to the complaint but has not filed any dispositive motions. (Doc. 27). Among other defenses, Sgt. Baca asserts that Mr. Rouse has failed to exhaust his administrative remedies in violation of the Prison Litigation Reform Act, 42 U.S.C. § 1997e. (*Id.* at 5). Sgt. Baca also contends that the complaint fails to state a claim upon which relief may be granted, and that Mr. Rouse's claims are barred by the doctrine of qualified immunity. (*Id.*).

The purpose of a *Martinez* report is to "develop a record sufficient to ascertain whether there are any factual or legal bases for the prisoner's claims." *Hall v. Bellmon*, 935 F.2d 1106, 1009 (10th. Cir. 1991) (citing *Martinez v. Aaron*, 570 F.2d 317, 318-19 (10th Cir. 1978)). This Court may order a defendant to investigate the incident or incidents underlying a lawsuit and to submit a report in order to develop a factual or legal basis for determining whether Plaintiff has a meritorious claim. *See, e.g.*, *Gee v. Estes*, 829 F.2d 1005, 1007 (10th Cir. 1987). A *Martinez* report may be used in a variety of contexts, including motions for summary judgment or a *sua ponte* entry of summary judgment. When a *Martinez* report is used for summary judgment purposes, the *pro se* Plaintiff must be afforded an opportunity to present conflicting evidence to controvert the facts set out in the report. *Hall*, 935 F.2d at 1109.

Wherefore, to assist the Court in evaluating Plaintiff's claims in this matter,

**IT IS HEREBY ORDERED THAT:**

1. Defendant shall prepare a *Martinez* report addressing the claims raised in Mr. Rouse's amended *Civil Rights Complaint* (Doc. 5) by:

   a. Setting forth the facts needed to resolve the claims including, but not limited to: the names of any persons involved in the cell search and purported assault on May 4, 2011, the names of any persons who provided medical treatment to Mr. Rouse following the purported assault, and the names of any persons involved in the decision to segregate Mr. Rouse following the assault. Defendant shall also name and identify any persons who witnessed or made decisions with regard to the assault and subsequent medical care and segregation. Defendant shall state whether any records or documents exist pertaining to the incident and, if so, a description of those records and documents and their contents; and whether any contracts, policies, procedures, protocols, laws, or regulations address such incidents;

   b. Providing copies of all records and documents pertaining to the purported assault and any subsequent medical treatment afforded to Mr. Rouse. Such records shall include any video or audio recordings of the purported assault, Mr. Rouse's transportation from his cell, and Mr. Rouse's medical treatment. Defendant shall also provide copies of all records and documents pertaining to Mr. Rouse's segregation following the purported assault;

   c. Providing affidavits in support of the report, if necessary; and

   d. Providing a copy of the administrative grievance procedure for inmate

        complaints about institutional violence and forced segregation that was in effect at CNMCF during the relevant time period in Plaintiff's Complaint and copies of all records and documents pertaining to Plaintiff's exhaustion of prison administrative remedies with respect to his claims.

2. The records and documents submitted with the report may be submitted simultaneously with the report, but the submission of documents alone, or documents submitted with an index but without an accompanying report, shall not be considered in compliance with this Order.

3. The Court is aware of the potential sensitivity of the materials that may be contained in corrections files and that there may be valid reasons for keeping confidential some of the contents of such files. Therefore, Defendant may redact confidential portions of the report, or any records submitted with the report, provided that he also file a memorandum setting forth any objections he might have to Plaintiff being permitted to review the redacted portions of the report, records, or documents. If Defendant does not submit such a memorandum, Plaintiff shall be permitted to review the contents of the report and the records and documents submitted with the report. Defendant's memorandum, if any, shall be served on the Plaintiff, who shall have fourteen days after the date of service of the memorandum to file and serve a response to the memorandum. The Court will review the Defendant's memorandum, if any, and any responses filed by Plaintiff, to determine whether the redacted portions of the report, records, or documents should be

disclosed to Plaintiff. If necessary, the Court will review the redacted portions of the report, records, or documents in camera before making its determination.

4. All records and documents submitted with the report must be submitted with an index. The index must identify each record and document submitted by number, and each record and document must be marked with a tab or label showing its number. Additionally, the report and each record and document submitted with the report must have its pages numbered using Bates stamps, or a similar numbering system.

5. Defendant shall file the *Martinez* report on or before October 13, 2011.

6. Plaintiff shall file and serve his response to the *Martinez* report on or before November 11, 2011.

7. Defendant shall file and serve his reply, if any, to Plaintiff's response on or before November 28, 2011.

**THE PARTIES ARE HEREBY GIVEN NOTICE** that the *Martinez* report may be used in deciding whether to grant summary judgment on Plaintiff's claims, whether by motion or *sua ponte*; as such, the parties should submit whatever materials they consider relevant to Plaintiff's claims. *See Hall*, 935 F.2d at 1106.

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE