IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

XEZAKIA ROUSE,
Plaintiff,

v.                                                                                  No. CV 11-0433 MV/CG

SGT. TOBY L. BACA,
OTHER UNNAMED SGT.,
Defendants.

## ORDER DENYING MOTION FOR DEFAULT

**THIS MATTER** comes before the Court on Plaintiff's *Motion for Default Judgment*, (Doc. 33), Plaintiff's *Motion to Bar Defendants Answer*, (Doc. 34), *Defendant's Response to Motion for Default Judgment*, (Doc. 38), and *Plaintiff's Response to Defendants Response to Motion for Default Judgment*, (Doc. 41). Plaintiff claims that Defendant Baca's answer was untimely filed and that the Court should strike Defendant's answer and enter a default judgment in his favor. (Doc. 33 at 1-2; Doc. 34). Defendant contends that the slight delay in filing the answer was due to excusable neglect and is not grounds to strike the answer or enter a default judgment. (Doc. 38 at 1-2). The Court, having considered the parties' filings, the relevant law, and otherwise being fully advised in the premises, **FINDS** Plaintiff's motions not to be well-taken and will be **DENIED**.

Defendant Baca executed a waiver of service on June 28, 2011. (Doc. 22). Under the terms of the waiver, Defendant Baca's had sixty days to file an answer, making his answer due no later than August 29, 2011.[1] Defendant's answer was filed on August 30,

---

[1] The sixty day mark landed on Sunday, August 28, 2011. Therefore, Defendant's deadline to file an answer was extended to Monday, August 29, 2011. FED. R. CIV. P.

2011, one day late. (Doc. 27). Defendant states that the due date was improperly calendered due to "oversight and misunderstanding." (Doc. 38 at 1).

Under Rule 6(b) of the Federal Rules of Civil Procedure, the district court may permit the late filing of an answer if it finds the late filing resulted from "excusable neglect." To determine what constitutes excusable neglect, the Court must consider all relevant circumstances surrounding the late filing. *City of Chanute, Kan. v. Williams Natural Gas Co.*, 31 F.3d 1041, 1045-46 (10th Cir. 1994) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).2 Factors relevant to determining whether Defendant has shown excusable neglect include: "1) the danger of unfair prejudice to the nonmoving party; 2) the length of the delay and its potential impact on judicial proceedings; 3) the reason for the delay, including whether it was within the reasonable control of the movant; and 4) whether the movant acted in good faith." *Id.*

In this case, the first two factors weigh heavily in favor of denying Plaintiff's motions. Defendant's late filing did not unfairly prejudice Plaintiff since the answer was filed only one day late. Similarly, the late filing did not unreasonably delay these proceedings. The Court has ordered a *Martinez* report and the case is proceeding. It is true that attorney carelessness rarely constitute excusable neglect. *See Pioneer*, 507 U.S. at 388. However, considering that the late filing did not delay the litigation and the utter lack of unfair prejudice to Plaintiff's rights in this case, the Court finds that a default judgment is not warranted.

**IT IS THEREFORE ORDERED** that Plaintiff's *Motion for Default Judgment*, (Doc.

---

6(a)(1)(C).

33), and Plaintiff's *Motion to Bar Defendants Answer*, (Doc. 34), be **DENIED**.

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE