IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

XEZAKIA ROUSE,
Plaintiff,

v.  No. CV 11-0433 MV/CG

SGT. TOBY L. BACA,
OTHER UNNAMED SGT.,
Defendants.

### ORDER

**THIS MATTER** comes before the Court on Plaintiff Xezakia Rouse's *Motion to Remedy Incomplete Martinez Report and for Court Order to Legal Access*, (Doc. 50). Plaintiff requests that he be given access to relevant video evidence and that the Court order the prison to provide him with greater access to legal research materials. (*Id.*). For the reasons outlined below, the Court will **DENY** the motion.

Plaintiff first complains that he has not been afforded satisfactory access to the video recordings of his purported assault. (*Id.*). He requests that the Court order its production. (*Id.*). Plaintiff has appended a letter from a paralegal at the New Mexico Corrections Department responding to his request to view the videotape evidence. (Doc. 50 at 2). The letter states that he was provided with a copy of the *Martinez* report but that the video evidence is being held separately and is currently in the possession of Missy Ortiz, his Unit Manager. (*Id.*). The letter informs Plaintiff that a request to view the evidence should be made to Ms. Ortiz. (*Id.*). Plaintiff's motion does not state whether he has contacted Ms. Ortiz or requested to view the evidence. Therefore, it does not appear that he is being

denied satisfactory access to the video evidence.

Plaintiff further states in a conclusory fashion that "the prison is not allowing me the time or materials needed for effective litigation of the case." (*Id.* at 1). He requests that the Court order the prison to provide him with "legal access capabilities" for a minimum of four hours per day and twenty hours per week. (*Id.*). The Court will deny this request.

Although states have an affirmative obligation to ensure that inmates have access to the courts and are provided assistance in the preparation and filing of legal papers, the constitution does not afford inmates unlimited access to a law library. *Petrick v. Maynard*, 11 F.3d 991, 994 (10th Cir. 1993). Plaintiff has not stated what level of access to legal research materials he is currently afforded or what amount of time he is permitted to spend doing legal research. Nor has he explained how his access to legal research materials has been restricted. *Id.* at 995-96 ("Of course, a prisoner must do more than make a mere conclusory allegation of need for unspecified or unlimited [legal] materials . . ."). Furthermore, federal Courts are ill-equipped to micro-manage prisons. Ordering prison officials to provide a certain number of hours of law library time for an individual inmate would overstep the Court's bounds. *Sese, e.g.*, *McClendon v. City of Albuquerque*, 79 F.3d 1014, 1023 (10th Cir. 1996) (noting that, while a prisoner's allegations must be carefully considered, "they must be evaluated with proper regard for the limited competence of federal judges to micromanage prisons.") (quoting *Bruscino v. Carlson*, 854 F.3d 162, 164-65 (7th Cir. 1988) (internal quotations omitted).

**IT IS THEREFORE ORDERED** that Plaintiff's *Motion to Remedy Incomplete*

*Martinez Report and for Court Order to Legal Access*, (Doc. 50), be **DENIED**.

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE