**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

XEZAKIA ROUSE,
Plaintiff,

v.  No. CV 11-0433 MV/CG

SGT. TOBY L. BACA,
OTHER UNNAMED SGT.,
Defendants.

## ORDER

**THIS MATTER** is before the Court on Plaintiff Xezakia Rouse's *Motion for Production of Original Documents*, (Doc. 71), and Plaintiff's *Motion for Extension, Attorney, and Federal Assistance*, (Doc. 73). Having considered the motions, the relevant law, and otherwise being advised of the premises, the Court will **DENY** the motions.

For the last several months, Plaintiff has been attempting to file objections to the Court's *Proposed Findings and Recommended Disposition* ("PFRD"), which was filed on December 14, 2011. (Doc. 61). Plaintiff's objections were received and filed on the docket on February 2, 2012. (Doc. 67). However, the objections were incomplete in that all even-numbered pages of the objections were missing and the exhibits were not in the proper order. (Doc. 67; Doc. 69 at 1-2). As a result of the incomplete objections, Plaintiff has insisted that prison officials are deliberately interfering with his legal mail and trying to prevent Plaintiff from filing objections to the PFRD. (*See, e.g.*, Doc. 63 (*Untitled Letter*); Doc. 65 (*Untitled Letter*); Doc. 66 (*Motion for Immediate Federal Intervention and for Second Extension*); Doc. 69 (*Motion (Second) for Federal Intervention and Request for*

*Jury Trial*)).

Plaintiff's most recent motions - *Motion for Production of Original Documents*, (Doc. 71), and *Motion for Extension, Attorney, and Federal Assistance*, (Doc. 73) - continue to assert that his legal mail is being tampered with. The *Motion for Production of Original Documents* asks that the Court send him an original copy of his incomplete objections so that he can prove that prison officials tampered with them. (Doc. 71 at 1-2). The *Motion for Extension, Attorney, and Federal Assistance* asks that the Court appoint an attorney "to properly deliver th[e] objection[s]." (Doc. 73 at 1).

The Court has determined that the cause of Plaintiff's incomplete objections is not so nefarious as Plaintiff believes: it was the result of a clerical error. Plaintiff's objections were received in their entirety on February 2 but, due to an unfortunate oversight, only one side of every page was scanned into the record. It is for this reason that the objections appeared incomplete. The error has been remedied and a complete copy of Plaintiff's objections has been filed *nunc pro tunc* on the docket as Document 78. Copies of the complete objections have been sent to Plaintiff and Defense counsel. The Court wishes to apologize to both Plaintiff and Defendant for any confusion and consternation caused by this oversight.

Because Plaintiff's objections have now been entered in their entirety, Plaintiff's *Motion for Production of Original Documents*, (Doc. 71), and *Motion for Extension, Attorney, and Federal Assistance*, (Doc. 73), will be **DENIED AS MOOT**. Defendant's deadline to file a response to Plaintiff's objections shall begin as of the date of this Order. *See* FED. R. CIV. P. 72(b)(2) ("A party may response to another party's objections within 14 days after being served with a copy.").

**IT IS SO ORDERED**.

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE